Gilbert *v.* City of New Haven.

———◆———

GIBBS GILBERT *vs.* THE CITY OF NEW HAVEN.

39 467
75 454

Upon an appeal to the Superior Court from an assessment by the board of compensation of the city of New Haven of benefits from the widening of a city street, it was held,—

1. That the appellant could not show that the widening of the street was unnecessary and unreasonable; the remedy being wholly by an appeal from the act of the common council ordering the improvement.

2. That he could not show that the board had made a former report, which the common council had recommitted, differing as to assessments from the final one.

3. Nor that the damages allowed another party were unreasonable and excessive.

4. Nor that such other party (a railroad company) was largely indebted to the city.

5. Nor that assessments of damages on one side of the street widened, as compared with assessments of benefits on the other side, were unequal and disproportionate; though such assessments might be shown for the purpose of comparing them with the one appealed from.

6. That the fact that the benefits "reached in some small degree" to property which might legally have been assessed, but was not, did not vitiate the assessment against the appellant.

7. That the omission by mistake to assess two small pieces of property that were equally benefited with some other property which was assessed, it not appearing that any substantial injustice was done thereby to the appellant, was not important enough to be considered by the court.

8. That notice duly given to the appellant of the first order of reference to the board of compensation was sufficient, and that he was not entitled to notice of the recommittal of the matter to the board upon the rejection of the first report.

Appeal to the Superior Court from an assessment of benefits from the widening of a street in the city of New Haven, heard before *Minor, J.*

Upon the trial it appeared that the common council of the city of New Haven, on the 4th of May, 1871, accepted and approved a report of the board of road commissioners of the city, laying out an alteration and widening of West Water street, from State street to Columbus street, which was duly approved by the mayor of the city. West Water street prior to the alteration was of irregular width, varying from thirty-five feet to fifty-five feet, and was made by the alteration of the uniform width of sixty feet. In pursuance of the order of the common council and of the charter of the city the matter of assessing benefits and damages to parties affected by the alteration was afterwards referred to the board of compensation; which board, on the 17th of May, 1872, made their report of such assessments to the common council, by which the same was duly accepted and the assessments laid, all which was duly approved by the mayor of the city, and the report and assessment were duly recorded on the records of the city. Under these proceedings the appellant was assessed $1,414.80 for benefits to property on the street so widened.

The appellant offered to show that on the 4th of December, 1871, the same board of compensation made a report to the council making different assessments of both damages and benefits from those in their report of the 17th of May, 1872. It appeared that this report was not accepted by one branch of the common council, and the matter was recommitted to the board, who revised their assessments and made a second report, but the appellee objected, and the court excluded the evidence offered.

He further offered to show that the damages accorded to the Derby Railroad Company, for lands condemned for the widening, which lands are in part on the side of West Water street opposite the premises of the appellant, were excessive and unreasonable, but the appellee objected and the court excluded the evidence.

He further offered to show that the Derby Railroad Company was indebted to the city of New Haven more than $20,-000 for interest on the bonds of the company, guaranteed by

the city, which the city had paid, and for money loaned to the company by the city, which indebtedness he claimed was an inducement for the widening of the street, and a reason why the assessment of damages to the railroad company was made, but the appellee objected, and the court excluded the evidence.

He further offered to show that the assessment of damages for lands taken on one side of the street and of benefits conferred on the other side of the street by the alteration, were unequal, disproportionate and unreasonable, but the appellee objected, and the court excluded the evidence.

He further offered to show that the widening of the street was unnecessary and unreasonable, but the appellee objected, and the court excluded the evidence.

It was proved and not denied, that but one notice had been given to the appellant by the board of compensation, and that his notice was given under the first order of reference, and before the first report was made and returned to the common council, and that no notice was given to him on or under the second order of reference, and that he was not present at any meeting of the board after the second order of reference, or heard in reference thereto at the hearing at which the assessment was made, nor was present at the meeting of the common council accepting the report and ordering the assessments to be laid. It also appeared that the assessment of benefits against the appellant was less under the second order of reference than under the first. The appellant claimed that by reason of this neglect to give him notice the assessments were irregular, illegal and void. The court, however, overruled this claim and held that he was entitled to but one notice, and that if one was given him under the first order of reference no other notice was required under the second order of reference.

It was proved that the lowest assessment on Columbus street for the improvement was $1.08 per front foot, the lowest on Lafayette street was 73 cents per front foot, and that the lowest on Meadow street was $2.16 per front foot, (Lafay-

ette and Meadow streets being two adjacent and connecting streets ;) and it was shown that the improvement was of some slight benefit to property on State street, on which street no assessment of benefits was made.  From these facts the appellant claimed that the assessments were unequal, disproportionate and unjust, and that if any assessments should be made on these streets, they should have been extended over a larger district, and also upon and over State street, thereby equalizing and lessening the burdens imposed, there being proof before the court that the benefits reached in some small degree beyond the points on the streets where the assessments stopped.  It was further proved that said board of compensation had, by mistake in names of owners and extent of frontage, omitted to assess one small piece of property on Columbus street, equally benefited with those which were assessed on that street, and also one small piece on Meadow street for the same reason.  For these reasons the appellant claimed that the assessments were unequal, disproportionate and illegal.

The court overruled these claims of the appellant, and found the benefits conferred upon his land by the improvement equal to or greater than his assessment ; and thereupon rendered judgment confirming the assessment.

The appellant brought the record before this court by a motion in error, assigning as errors the rulings of the court above stated.

*L. E. Munson,* for the plaintiff in error.

*Watrous,* for defendant in error.

CARPENTER, J.  This is an appeal from the doings of the common council of the city of New Haven in assessing benefits against the appellant, to defray in part the expenses of widening one of the streets of the city.  A large number of persons were interested in the improvement, to some of whom damages were awarded, and against others benefits were assessed.

The 30th section of the city charter provides that " any

·party who shall feel aggrieved by any act of the court of common council, or of the board of road commissioners, in reference to the laying out, constructing, altering or improving any public square, park, street, highway, private walk, bridge, sewer, gutter, or drain, or by any act of said court, or of said board, or of the board of compensation, in making any of the assessments of damages or benefits authorized in this act, may make written application for relief, etc."

In *Clapp and others* v. *The City of Hartford*, 35 Conn., 66, we held that an appeal from an assessment by one of several parties assessed does not bring up the whole apportionment for revision. It will be well to bear in mind the doctrine of that case, and the foregoing extract from the city charter, in considering the questions involved in the present case. It must also be remembered that the doings of municipal authorities in laying out or altering streets and highways, and assessing damages and benefits thereby occasioned, are judicial proceedings, so far at least that they cannot be impeached or called in question collaterally, and that the appellant was a party to the proceedings now under consideration.

Each of the numerous questions presented by this record will now be considered.

1. It appears that the board of compensation made an assessment of damages and benefits, and reported the same to the court of common council. That report was recommitted by one branch of the common council, and the board subsequently made another and different report, which was finally accepted and approved by both branches. The appellant offered in evidence the first report, as it is stated, for the purpose of showing different assessments of both damages and benefits from those in their final report. The court excluded the evidence. It is difficult to see how this evidence conduced to prove anything in issue between the parties. If it was intended to show by it that the assessment against the appellant was unreasonable and disproportionate, as we suppose it was, it is a sufficient answer to say that it was an indirect and very unsatisfactory way of proving it. It is a fact susceptible of proof by direct evidence, and such evi-

dence is demanded by the rule which requires the best evidence to be produced. Besides, the evidence excluded, so far as it tended to prove anything, tended to prove that the appellant's assessment should have been higher, inasmuch as a larger sum was assessed against him in that report than in the one which was finally adopted.

2. It is further objected that the appellant had no notice of the re-committal, and of the subsequent proceedings. We are satisfied that none was required. The whole matter, from the time of its first reference to the board of compensation to the time the report was finally adopted by the court of common council, was one proceeding. The appellant was notified in the first instance, and appeared. If he neglected to attend to the subsequent stages of the proceeding it affords him no ground of complaint now.

3. The next objection is that the court excluded evidence offered to show that the damages awarded to the Derby Railroad Company were excessive and unreasonable. When that matter was before the board of compensation, it was competent for the appellant and all others interested to appear and be fully heard relative thereto. After it was determined and the common council had taken final action upon it, it was conclusive upon all concerned, except that the railroad company alone had a right to appeal. Neither the city nor property holders liable to be assessed, had any right of appeal. Much less reason is there to claim that any of these parties have a right to bring the same matter before the appellate tribunal collaterally, as is attempted to be done in the present case.

4. Proof of the indebtedness of the Derby Railroad Company to the city was properly excluded. The fact of indebtedness in itself proves nothing. Possibly it might be a motive to a fraudulent widening of the street; but fraud is not claimed nor alleged.

5. The court excluded evidence offered to " show" that the assessments of damages for lands taken on one side of Water street and of benefits conferred on the other side of the same

street by the alteration, were unequal, disproportionate and unreasonable." So far as this evidence related to damages awarded to, or benefits assessed against, other parties, the court was clearly right in excluding it for reasons sufficiently apparent from what has already been said. Had the appellant offered to show that his own assessment was unreasonable and disproportionate, and for that purpose had instituted a comparison between his own and other assessments, it would have presented quite a different question.

6. The appellant offered to show that the widening of the street was unnecessary and unreasonable; but the appellee objected and the court excluded the evidence. That question was not properly before the court. The order of the common council establishing and directing the improvement was not appealed from, as it should have been if the appellant intended to question the necessity of the improvement.

7. It also appears from the motion that the improvement " was of some slight benefit to property on State street" which was not assessed, and "that the benefits reached in some small degree" to property on other streets which was not assessed. The appellant claimed that these facts rendered the assessments unequal, disproportionate and unjust; which claim the court overruled. It is evident from the manner in which this is stated that the property referred to was not substantially benefited; but that the benefit was so slight and inconsiderable as not to affect, to any appreciable extent, the amount assessed against the appellant. There is not enough in it to justify us in saying that the assessments were thereby vitiated.

8. It further appeared that the board by mistake omitted to assess two small pieces of property which were equally benefited with other property which was assessed; and for that reason it is claimed that the assessments were unequal and unjust. It does not appear how large these lots were, nor to what extent they were benefited. Hence it does not appear that any substantial injustice was done the appellant by the omission. Until the contrary appears, the presump-

tion is that it falls within the principle, *de minimis non curat lex.*

We find no error in the judgment complained of.

In this opinion the other judges concurred.