CATHERINE KEATING vs. THOMAS H. MACDONALD ET AL.

Third Judicial District, New Haven, June Term, 1900.
ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The owner of a building who seeks and obtains permission of the municipal authorities to move it through the city streets is under an obligation to complete the removal within a reasonable time. If he fails to do this and the building is allowed to obstruct travel and become a public nuisance the city itself may, after notice to the owner, destroy or remove the building without liability therefor; unless its action is so unreasonable or unjust as to be inconsistent with legal principles.

The circumstances under which the defendants acted in the present case, in the destruction and removal of the plaintiff's building, reviewed, and held to justify their conduct.

Argued June 7th—decided July 13th, 1900.

ACTION to recover damages for the willful and unlawful destruction of the plaintiff's dwelling-house, brought to the Superior Court in Fairfield County where the defendants' demurrer to the plaintiff's reply was overruled (Ralph Wheeler, J.) and the case was afterwards tried to the court,

*Shumway, J.;* facts found and judgment rendered for the plaintiff for $800 damages, and appeal by the defendants for alleged errors in the rulings of the court. *Error and judgment reversed.*

On the 16th of May, 1898, the plaintiff, upon her application, obtained permission of the common council of Bridgeport to move her dwelling-house from her lot on Maple Street, which runs east and west, easterly to a lot on the corner of Maple and Hallett streets, which lot the plaintiff had an option to purchase.

The moving was commenced on the 13th of June. Plaintiff was hindered in the work by an injunction until the 30th of June, and about the 10th of July had moved the building as far as the corner of Pembroke Street; which runs north and south and crosses Maple Street west of Hallett Street. With reasonable dispatch it could have been moved to the corner of Pembroke Street in two days, and to its destination, at the corner of Hallett Street, in another day.

On the 6th of July the plaintiff discovered that the lot on the corner of Hallett Street was not suitable for her purpose, and thereupon secured an option on a lot on Arctic Street, which is parallel with and the next street north of Maple, and is also crossed by Pembroke Street; and on the 10th of July applied for permission to move her building to said last-named lot, by moving it up Pembroke Street to Arctic Street and along Arctic about three-fourths of a block to said second lot. On the 19th of July the plaintiff was notified that the common council refused to grant that application.

For the purpose of moving her house upon them, Pembroke and Arctic streets were as suitable as Maple Street. The removal of said building to the second lot would have required no more than two days additional time, and no greater expense than was required to take down the building; and the finding states that no good reason existed for the refusal of the common council to permit the plaintiff to so move the building to said second lot.

A complaint having been made on the 18th of July that said building was an obstruction to public travel and a nui-

sance, and a hearing having been had thereon, the common council passed a resolution directing plaintiff to remove the building from the highway within three days, and ordering the board of public works to forthwith remove the building from the highways of the city upon the failure of the plaintiff to comply with said order; and of this action of the city authorities the plaintiff was duly notified on the 19th of July.

Although there was a vacant lot adjacent to said building, the plaintiff, after receiving notice of said action, made no effort to remove the building other than to notify the defendants in writing that she desired to remove said building to said lot on Arctic Street, but that she was not permitted to, and that if the defendants deemed it their duty to remove the building from the streets she desired them to move it upon said lot, and that she would bear the expense. She further warned them not to destroy or unnecessarily injure the building.

One of the defendants, a contractor, employed by the other defendants, who were members of the board of public works and a committee duly appointed for that purpose, proceeded to take down and remove said building, commencing on the 23d of July. All of the acts of the defendants were done in good faith, by authority of the common council, and for the purpose of removing an obstruction and nuisance from said public highway.

The house was a large one, filling the street from curb to curb, and completely blocking public travel, and was of the value of $800.

There was a demurrer to plaintiff's reply to defendants' answer, which was overruled by the court, and upon further pleading the above facts were found and judgment rendered thereon for the plaintiff.

These claims of law were made by the defendants upon the trial :—

"The common council having the sole control under the charter of the removal of buildings through the public streets, acted within its power and discretion in refusing to allow the plaintiff to remove the building to a new location.

" The defendants having acted in good faith, without wantonness or malice, as the agents of the city, cannot be held liable for the loss of the plaintiff."

The plaintiff claimed " that no good reason had been shown for the refusal by the common council of the plaintiff's application to remove said building to a new and different location, and that therefore the defendants were liable for the destruction of said building."

The rulings of the court sustaining said claim of the plaintiff and overruling those of the defendants are among the reasons of appeal assigned.

*Thomas M. Cullinan* and *Alfred B. Beers,* for the appellants (defendants).

*John C. Chamberlain,* for the appellee (plaintiff.)

HALL, J. In justification of the act complained of, the defendants pleaded the resolution and order of the common council directing them to remove the building in question as an obstruction to public travel upon the highway, and as a nuisance. One of the plaintiff's replies was, that having moved the building to that place by permission of the common council, with the intention of placing it upon the lot at Hallett Street, and having learned that said lot " was not available for that purpose," the board of common council, " although there was no good reason for so doing," refused to permit her to move the house to the lot on Arctic Street, and that the defendants " wilfully and unnecessarily destroyed the house, after notice of her willingness to move it, or pay the expense of moving it, to the Arctic Street lot." The principal ground of the demurrer to this reply was that the common council had a legal right to refuse such permission, whether there was a good reason for so doing or not.

If we may regard the overruling of this demurrer as simply a decision by the trial court that the action of the common council may have been so manifestly unreasonable and unjust that it might be reviewed and held to be void, it may be sus-

tainable; but it is unnecessary to decide that question, since we think the court erred in its rulings upon the claims of law made by counsel, after the defendants had pleaded over and the case had been heard upon its merits, by which the court held in effect, upon the facts found, either that the action and order of the common council was unreasonable, or that the order had not been properly executed by the defendants.

The order was properly executed. The order of the common council under which the defendants acted did not give them a discretion to remove the building to the lot on Arctic Street. It was definite in its terms, and directed the defendants, in case the plaintiff failed to comply with the order, "to remove *forthwith* said buildings from the highways of this city." The removal of the building along Pembroke and Arctic Streets had been already prohibited by the refusal of the plaintiff's second application.

It was not the duty of the defendants to move the building upon the adjacent vacant lot, since the plaintiff had neither requested it nor obtained the right to move it there; nor to move it to the lot on the corner of Hallett Street, since the plaintiff had decided not to place it there and apparently had not obtained the right to place it there.

The order of the common council, by the resolution of July 18th, was lawful and valid. It was not only within the power of the city to make such order, but it was a plain duty which it owed to those who had occasion to use these highways, to immediately remove this building which, from the unreasonable length of time it had remained in the streets, had become an unlawful obstruction to public travel and a common nuisance. *Burnham* v. *Hotchkiss*, 14 Conn. 311; *Hawley* v. *Harrall*, 19 id. 142, 152; *Ely* v. *Parsons*, 55 id. 83, 99; Wood on Nuis. § 250.

Section 41 of the charter of the city of Bridgeport empowers the common council to make orders not inconsistent with law, relative to the removal of obstructions and nuisances in highways and "the removal of buildings upon or through the same." Section 71 prohibits the moving of any building through any of the public streets of the city except

by license of the common council, and a city ordinance provides that the application for such license shall state the precise locality to which the building is to be removed, and the streets through which it is to be conveyed, and that no person receiving such license shall be deemed to have permission to remove the building through any street not designated in his permit. Charter and Ordinances of the City of Bridgeport, 1898, pp. 30, 50, 205.

The legislature having thus given to the common council the exclusive right to grant permission to move buildings in the streets of the city, and the power to order the removal of obstructions and nuisances from the streets, their action in the matter before us must be regarded as final, unless it was so unreasonable or unjust as to be inconsistent with law.

It is claimed that the action of the common council was unreasonable in not permitting the plaintiff either to move the building to the lot on Arctic Street, or ordering the defendant to move it there, after the plaintiff, under a proper license, had placed the building in the highway and had conveyed it to the corner of Pembroke Street.

The plaintiff alleges in her reply that it was unreasonable to refuse her such permission; and under the pleadings she assumed the burden of proving such facts as would show that the action of the city authorities was unreasonable. In the absence of proof to the contrary, it is to be presumed that the common council acted lawfully in a matter within its jurisdiction. If it was not unlawful to deny the plaintiff's application for permission to move the building through Pembroke and Arctic streets, it was not unlawful to refuse to direct the defendants to so move it.

When the plaintiff's second application of July 10th was refused, the facts before the common council, as we read the finding, were these: The plaintiff's large building had completely obstructed public travel in one of the streets of the city for several weeks. After the injunction was removed the plaintiff consumed ten days in moving the building to the corner of Pembroke Street, when with reasonable dispatch the building could have been moved to that point from its

original location in two days. After July 6th the plaintiff made no effort to remove the building to the lot on Hallett Street to which she had received permission to move it, although she could then have purchased it. It did not appear that the building could not be placed upon that lot. The plaintiff alleges in her reply that this lot was not available for the purpose. The finding is that she discovered on July 6th that it " was not suitable for her purpose. " It did not appear that she could not procure a lot near the corner of Pembroke Street upon which the building could be placed, nor did it appear that she owned the lot on Arctic Street to which she desired the building to be moved. To have permitted the building to be moved to the Arctic Street lot would have been to permit that street or Pembroke Street to be obstructed for a period of at least two days longer than was required to take down the building; and possibly would have subjected the residents and travelers upon those streets to inconveniences similar to those already suffered by the people upon Maple Street, and for as long a time.

Between July 10th, when her second application was refused, and July 23d, when the work of taking down the building was commenced by the defendants, the plaintiff seems to have made no effort to remove the building to any other place than the Arctic Street lot, although three days were given her by the final order within which to remove it, and but one day was required to remove it from its position at that time to the Hallett Street lot.

The facts found show good reasons for the refusal of the plaintiff's second application, and that the order of the common council for the removal of the building from the highway was reasonable and valid.

The court erred in overruling the defendants' claims that the common council acted within its power and discretion in refusing said second application, and that the defendants were not liable, having acted under and within said order; and in sustaining the plaintiff's claim that no good reason had been shown for the refusal of said second application,

and that therefore the defendants were liable for the destruction of said building.

There is error and the judgment is reversed.

In this opinion the other judges concurred.