FREDERICKA M. KATSCH *vs.* THE CITY OF NEW HAVEN.

Third Judicial District, Bridgeport, October Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Under the charter of the city of New Haven (13 Special Laws,.pp. 412–414, 1114, §§ 78–81, 85) an assessment of benefits and damages for the establishment of a building line is deemed to be complete and the land thereby affected to be devoted to the designated public use, when the report of the department of public works is accepted and recorded by the board of aldermen and the damages have been paid to or deposited for the injured property-owner; and the thirty days within which an aggrieved property-owner may appeal to the Superior Court begins to run from that date.

If, as in the present case, the benefits and damages are assessed as equal, and there are therefore no damages to be paid, the thirty-day period allowed for an appeal begins to run from the date of the acceptance and record, by the board of aldermen, of the report of the board of public works.

The provision in § 81 of the charter for a newspaper publication of the assessment, does not apply to cases in which no damages or benefits are to be paid, nor does the failure to make such publication affect the right of an aggrieved property-owner to appeal.

A property-owner who is duly notified of the inception of proceedings for the establishment of a building line, and of the hearing as to resulting benefits and damages, as required by the defendant's charter, is chargeable with notice of all subsequent steps—in the absence of any provision requiring further notice—since the entire matter is, in contemplation of law, but a single transaction from beginning to end.

In the absence of any averment in the complaint to the contrary, it

will be presumed that the plaintiff property-owner had such notice of a proposed public improvement as the charter requires he should have.

A proposed amendment which will not avoid the objections to a complaint which were raised and sustained upon demurrer, may very properly be refused.

Argued October 23d—decided December 19th, 1912.

ACTION by a property-owner to secure an adjudication that a city building line was null and void in so far as it affected her property, and for damages, brought to and tried by the Superior Court in New Haven County, *Holcomb, J.*, upon demurrer to the substituted complaint; the court sustained the demurrer, refused to allow a further amendment of the complaint (*Gager, J.*) because it would be unavailing, and afterward rendered judgment (*Holcomb, J.*) for the defendant, from which the plaintiff appealed. *No error.*

The substituted complaint alleges, in substance, these facts:—

The plaintiff is, and for more than twenty years has been, the owner of land in New Haven bounded northerly on Irving Street one hundred and twelve feet, easterly on Ellsworth Avenue thirty-three and one third feet. The south and west boundary lines, on private property, are of the same length, respectively, as said north and east boundary lines. In 1908 the defendant commenced proceedings for the establishment of a building line on both sides of Irving Street. On November 1st, 1909, the report of the bureau of compensation to the board of aldermen, recommending the adoption of a fifteen-foot building line on both sides of Irving Street, and assessing the benefits and damages to all persons affected, including the plaintiff, as equal, was accepted, and an order passed and recorded, and said assessments levied as reported, and said report was afterward approved by the mayor.

"Said assessment of benefits and damages was never published in any of the daily newspapers of said city, and the plaintiff never received any notice, official or otherwise, from said city, or any of its officers or agents, that said building line had been adopted by the board of aldermen, or approved by the mayor of said city, or that the assessment of benefits and damages by reason of its adoption had been reported as equal, and the first intimation thereof was not received by the plaintiff until several months after the acceptance and approval of said report by the then mayor of said city, as aforesaid."

By reason of the facts alleged in the preceding paragraph, the plaintiff was deprived of her right to appeal to the Superior Court within the time limited by the city charter, either from said assessment of benefits and damages, or from the order adopting said building line, or from the approval thereof by the mayor. The establishment of such building line would confer no benefits on the plaintiff, but would render the plaintiff's said lot practically worthless. The board of aldermen have refused the plaintiff's petition for the repeal or change of said building line, and the building inspector has refused to permit the plaintiff to build a two-story house on her said lot, on account of said building line.

The prayer for relief asks for damages, in case it should be held that the building line is valid, and for a decree declaring it void, in case it should be held to be invalid.

The defendant demurred to the substituted complaint, upon grounds which may be stated, in substance, as follows: The complaint does not allege that the plaintiff did not have notice of the proceedings to establish the building line, and of the hearing on the assessment of benefits and damages, but does allege

that the report of benefits and damages was accepted and recorded in the records of the board of aldermen. The plaintiff, through her own fault, failed and neglected to appeal, by application to the Superior Court for relief, from the order, by which said report was accepted and recorded and said assessment made, and said building line established, as she had the right to, by the city charter, at any time within thirty days after the time when said report was accepted and said assessment of benefits and damages made, and her right to take such appeal was in no way affected by the fact that no notice was published in any newspaper that such assessment had been made, nor did the fact that there was no such publication affect the validity of the establishment of said building line.

The trial court sustained the demurrer upon the grounds therein stated.

Sections 78, 79 and 80 of the city charter (13 Special Laws, pp. 412, 413 and 414) provide that when the common council shall decide to establish any building line, the department of public works shall, after notice mailed to all owners residing in the city, and after a public hearing, cause a survey of the land or layout of the public work to be prepared, and an assessment of benefits and damages to be made; that the bureau of compensation shall advertise in two or more daily papers, three times, the time fixed for a hearing before them, and the subject-matter thereof; that they shall estimate the probable expense of establishing the building line, shall assess benefits and damages for or against all persons interested; that the assessments shall be made of the excess of benefits over damages, if any, or *vice versa;* that they shall report their doings to the department of public works, and that that department shall report its doings to the common council (by amendment of the city charter the board of aldermen

now take the place of common council, 13 Special Laws, p. 1114), in writing, showing a particular designation of the land to be taken or the layout of the proposed public improvement.

Portions of §§ 81 and 85 of the city charter (13 Special Laws, pp. 413, 414) appear in the footnote.

"Sec. 81. Said court of common council may, after all necessary appropriations have been made, accept said report, and adopt such layout, or assessment, or may modify the same as it may deem best, and when such report or modification shall have been accepted and recorded in the records of the court of common council, and when the damages shall have been paid to the person whose property has been taken or damaged for such public purpose, or shall have been deposited with the city treasurer to be paid to such person when he shall apply for the same, then each of said assessments shall be legally deemed to have been made, and if the matter relate to the taking of land, the land described in the order of said court of common council shall be and remain taken and devoted to the public use for which it shall have been so designated. Such assessment shall be published three times in each of two or more daily newspapers published in said city, within one week after compliance with the foregoing provision in regard to the payment of damages, and after the report of the director of public works that the improvements have been completed. All assessments of benefits shall be payable immediately after the last day of publication of such assessments. The city clerk shall, with any such assessment, also publish the descriptive part of the order of the court of common council on which such assessment is based, and the date when the same is payable. . . ."

"Sec. 85. Any party who shall be aggrieved by any order of the court of common council, making any such assessment of benefits or damages, or requiring the construction of any sidewalk, curb, or gutter, or the payment of any part of the expense thereof, may make written application for relief to the superior court, to be held in and for New Haven county; *provided, however*, that he shall cause a copy of said application to be served upon the city clerk within thirty days after the doing of the act complained of. Said court may, by a committee or otherwise, inquire into the allegations of such application, and may confirm, annul, or modify the assessment or other action therein complained of, or make such order in the premises as equity may require, and may allow costs to either or neither party at its discretion; and said court may inquire into the validity of all the proceedings upon which said assessments or other action is based. No land taken as aforesaid shall be occupied by the city until the time for taking appeals shall have expired, and until all appeals have been finally disposed of. . . ."

*Eliot Watrous*, for the appellant (plaintiff).

*Charles Kleiner* and *Henry H. Townshend*, for the appellee (defendant).

HALL, C. J.   The principal questions discussed before us were whether the plaintiff was entitled to the notice by publication in the newspapers, provided for in § 81 of the city charter, as affecting her right of appeal given by § 85; and if so, whether the failure of the defendant to publish such notice rendered the proceedings for the establishment of the building line void.

Section 85 gives the right of appeal to any one aggrieved by the order of the common council (board of aldermen) making the assessment, "within thirty days after the doing of the act complained of."

The act by which the plaintiff was aggrieved was the establishment of the building line without awarding her any damages.

Since by the acceptance and approval of the report of the bureau of compensation and the department of public works, the benefits and damages were assessed as equal, and there were, therefore, no damages to be paid, the act of making the assessment and adopting the building line and devoting the plaintiff's property to the designated public use, was, by the language of § 81, fully completed when the report of the department of public works was accepted and recorded in the records of the board of aldermen, and the time within which an appeal could be taken began to run then, and was limited to thirty days from that time.

The publications in the newspapers, provided for in § 81, formed no part of the making and completing of the assessments, and the establishing of the building line.   By the express provisions of the charter the assessments were completed and the building line established

when the report of the department of public works was accepted and recorded and the damages paid, if there were any damages to be paid. The publications in the newspapers were, by the language of § 81, not to be made until after the assessments were thus legally completed, and the building line so established. Again, as the charter does not expressly provide for the publication of but one notice, which was to be published within one week after compliance with the provision in regard to the payment of damages, *and after the report of the director of public works that the improvements "have been completed,"* it is not clear when that notice was to be published when the work was not completed until more than one week after compliance with the provision in regard to the payment of damages.

But whether § 81 provided for the publication of only one notice, or of two notices, one of which was to be made within one week from the time the damages had been paid, and the other after the public work had been completed, they were not notices which interested parties were entitled to receive as affecting their right of appeal. Such notice or notices are in no way referred to in the provision of § 85 fixing the time when an appeal may be taken. They seem to have been intended to be published only in cases where, by the assessment, damages were awarded or benefits were required to be paid, and as notices to persons interested, that the damages awarded them had been paid in the manner provided in § 81, and as notices to persons who had not paid the benefits assessed against them, that such benefits were due and payable.

The publication of such notice or notices was undoubtedly omitted in the present case because, by the assessment adopted, no damages or benefits were to be paid, and it could not therefore properly be said that the damages had been paid or that the benefits had

become payable. Section 81 makes no provision for such publication, within one week after the assessment is completed, in cases where there are no damages or benefits to be paid.

But it is claimed that if these publications were only notices that damages had been paid, in the manner provided in § 81, or that benefits were payable, that the proceedings for the assessment of damages and the establishment of a building line were void because, in that case, property-owners received no notice of the assessment, and therefore no opportunity to be fully heard by an appeal to the Superior Court, as the charter contemplated they might be heard, upon the question of the assessment made.

This claim cannot be sustained. In the absence of any averment to the contrary, we must assume that the plaintiff received the notice provided in §§ 78 and 79 of the charter, of the public hearing regarding the establishment of the building line, and notice of the hearing before the bureau of compensation as to the assessment of benefits and damages, provided for in § 80. *Keating* v. *Macdonald*, 73 Conn. 125, 130, 46 Atl. 871; *State* v. *Main*, 69 Conn. 123, 140, 37 Atl. 80; *Atwater* v. *O'Reilly*, 81 Conn. 367, 71 Atl. 505. Having been notified of the inception of the assessment proceedings, and of the hearing before the bureau of compensation, the plaintiff became chargeable with notice of the entire proceedings from the time of the reference to the board of compensation for the purpose of ascertaining benefits and damages, to the time the report of the department of public works was finally accepted and ordered to be recorded. The entire matter was, in contemplation of law, one proceeding, of each step in which the plaintiff was not entitled to receive a new notice, in order to render the proceedings valid, unless such new notice was required by the provisions of the

charter. *Fair Haven & W. R. Co.* v. *New Haven,* 75 Conn. 442, 454, 53 Atl. 960; *Gilbert* v. *New Haven,* 39 Conn. 467, 472.

The facts averred in the complaint fail to show either that the plaintiff lost her right of appeal by reason of the failure to make the publications provided in § 81, or that the proceedings became invalid by reason of such failure.

The plaintiff was not prejudiced by the decision of the court upon the defendant's motion to state in two counts what was claimed to be two causes of action. In the substituted complaint, containing but one count, she was permitted to make the two desired prayers for relief based upon the defendant's failure to make the publications described in § 81.

After the trial court had sustained the demurrer to the complaint, the plaintiff asked leave to amend the complaint by alleging, in substance, that since her petition for a change in said building line, as described in the complaint, § 78 of the city charter had been amended, making it more difficult than before to obtain from the board of aldermen any change of a legally established line. The court properly refused to permit the amendment, upon the ground that such amendment could not affect the sufficiency of the complaint or the decision of the court upon the demurrer.

There is no error

In this opinion the other judges concurred.