## GEORGE O. COLLAR v. BINGHAM LAKE RURAL TELEPHONE COMPANY.[1]

January 21, 1916.

Nos. 19,552—(203).

**Telephone wires in village street.**

1. Moving a house along a village street is not using the street for the purpose of ordinary travel; and the statutory requirement that a telephone company shall locate its lines so as not to interfere with the safety and convenience of ordinary travel does not make it the duty of the company to remove its wires from the street to permit the passage of a house along the same.

**Same — removal by house-mover.**

2. Where a house-mover, with the consent of the company, removes such wires to permit the passage of the house, he is acting in furtherance of his own business, not in furtherance of the business of the company, and is not the servant of the company but a mere licensee.

**Same — dismissal of action for personal injury.**

3. A suit for damages against the company brought by such house-mover on the ground that he was the servant of the company and was injured by the breaking of a rotten pole which he had climbed and from which he had cut the supporting wires—the defect in the pole being unknown to the company—was properly dismissed, for the reason that he was only a licensee and not a servant of the company.

Action in the district court for Cottonwood county to recover $10,000 for personal injury received by plaintiff in the course of his employ-

[1] Reported in 155 N. W. 1075.

Note.—Right to interfere with wires of public service corporation while moving building, see note in 14 L.R.A.(N.S.) 448.

ment at defendant's request and under defendant's directions. The facts are stated in the opinion. The case was tried before Nelson, J., who when plaintiff rested granted defendant's motion to dismiss the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*N. L. Glover* and *Albert R. Allen,* for appellant.

*O. J. Finstad* and *E. H. Canfield,* for respondent.

TAYLOR, C.

Plaintiff was employed to move a house in the village of Bingham Lake, and moved it along a street of the village until further progress was obstructed by the telephone wires of defendant, a rural telephone company. The secretary of the company had charge of its affairs and acted as manager. The company had no other employees, and, whenever any work upon the line became necessary, procured employees of another telephone company to come from a neighboring town and perform it. Plaintiff requested the secretary to remove the wires to enable him to pass with the building, and was informed that the company had no one who could remove and replace them and would have to get a man from Windom before it could be done. Plaintiff informed the secretary that he had previously worked as a telephone lineman and would do the work himself if he could have the necessary tools. The secretary supplied him with the tools. He took them, returned to the place of the obstruction, climbed a telephone pole and cut the wires. Unknown to either plaintiff or defendant, the portion of the pole imbedded in the ground had become decayed; and as soon as plaintiff cut the wires the pole broke off and fell, and plaintiff, who was at the top of the pole, suffered severe injuries. He sued for damages. At the close of his evidence, the court dismissed the suit. He made a motion for a new trial and appealed from the order denying his motion.

Plaintiff bases his right to recover upon the claim that he had been employed by defendant to remove the wires, and that the relation of master and servant existed between them at the time of the accident. Defendant insists that the removal of the wires was solely for the benefit of plaintiff; that defendant consented to such removal merely to accom-

modate plaintiff, and that plaintiff was nothing more than a "bare licensee."

If, in removing the wires, plaintiff was acting as the servant of defendant, the evidence was probably sufficient to make a question for the jury; but, if he was acting solely in furtherance of his own business and was merely a "bare licensee," the evidence discloses no facts upon which defendant can be held liable. It becomes important, therefore, to determine whether the relation of master and servant existed between them.

If it was the duty of defendant to remove the wires so as to permit the passage of the building along the street, and plaintiff at the time of the accident was engaged in performing a duty which it was incumbent upon defendant to perform, the facts would sustain a finding that he was acting as defendant's servant for that purpose. But if no duty rested upon defendant to remove the wires, and plaintiff in removing them was doing something which was not the duty of defendant to do, the facts proven are not sufficient to show that plaintiff, although acting with the permission of defendant, was acting as the servant of defendant. In other words, the question turns upon whether plaintiff was removing the wires solely for his own convenience and in furtherance of his own business; or whether, in removing them, he was performing a service which it was the duty of defendant to perform, and consequently was being performed in furtherance of defendant's business. If his acts were in furtherance of defendant's business, he can be held to have been defendant's servant; but if his acts were not in furtherance of defendant's business, but solely in furtherance of his own, he cannot be held to have been such servant.

The village unquestionably had power to regulate the erection of telephone poles and wires in and along its streets, and to impose upon defendant the duty to raise or remove its wires when necessary to permit the passage of buildings; but, so far as the present record discloses, the village has never exercised such power. So far as appears in the present case, the only regulations governing defendant and the only duties imposed upon it are those prescribed by the general statutes. The general statutes give defendant the right to erect and operate its telephone lines along public highways; but provide that "such lines shall be so located as in no way to interfere with the safety and convenience of

ordinary travel along or over the same," and further provide that such statutes shall not be construed to grant the right to maintain such lines within the limits of any village, until the right to maintain them therein shall have been granted by such village. G. S. 1913, § 6247. The complaint alleges and the answer admits that defendant was a "carrier of messages for hire, owning and operating a telephone system at the village of Bingham Lake and elsewhere in the state of Minnesota," and maintained the poles and wires in question as a part of such system. In the absence of any claim that the erection and maintenance of such poles and wires was unauthorized, these allegations must be construed as an admission that they were maintained rightfully. Defendant was required to maintain and operate its lines so as not to interfere with "ordinary travel." Moving a house along a highway does not constitute "ordinary travel," but constitutes an unusual and extraordinary use of such highway. And, although we shall assume that plaintiff was rightfully moving the building along the village street, the statute, requiring defendant to maintain its lines so as not "to interfere with the safety and convenience of ordinary travel," did not require it to remove its wires for the purpose of permitting the passage of the building. Edison Electric Light & Power Co. of St. Paul v. Blomquist, 110 Minn. 163, 124 N. W. 969, 125 N. W. 895, 136 Am. St. 460; and also see cases cited in note in 11 Ann. Cas. at page 639. Defendant was prior in point of time, and had appropriated the street to the use of its telephone lines. Neither the village council nor the legislature had imposed any duty upon it to remove its wires for the purpose of permitting the moving of houses along the streets. It follows that plaintiff in removing the wires was not engaged in performing a service incumbent upon defendant to perform, and cannot be held to have been removing them in furtherance of defendant's business. The work which he was doing was solely in furtherance of his own business; and, although performed upon the property of defendant with the consent of defendant, did not make him the servant of defendant. He was a mere licensee and the ruling of the trial court was correct.

Order affirmed.