## CHARLES J. McDONALD v. THE CUYUNA RANGE POWER COMPANY.[1]

### December 12, 1919.

### No. 21,478.

**Contributory negligence—question for jury.**

Upon the evidence neither defendant's freedom from the negligence charged nor plaintiff's contributory negligence appeared as a matter of law, and it was error to direct a verdict in favor of defendant.

Action in the district court for Crow Wing county to recover $10,000 for personal injuries. In its amended answer defendant alleged that it had been informed that about November 24, 1916, plaintiff, while in an intoxicated condition, went over and across certain premises in the possession of defendant, without its knowledge, permission or consent; that if plaintiff was injured, such injury was caused by the negligence, condition, careless and unauthorized acts of plaintiff. The case was tried before McClenahan, J., who at the close of the testimony granted defend-

[1]Reported in 175 N. W. 109.

ant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*Charles W. Scrutchin,* for appellant.

*F. E. Ebner,* for respondent.

HOLT, J.

Defendant is in possession of a tract of land a short distance northeast of Riverton, this state, upon which is located a plant for generating electric current which is distributed to surrounding towns and villages for light and power. There are buildings of various sorts. A public road runs north and south on the westerly side of the premises. From this public road a roadway or trail diverges to the northeast over the land occupied by defendant and passes between a water-tank and a dwelling house standing about 75 feet apart. It is not a public road. The evidence tends to show that it is considerably traveled by persons on foot and by teams. It is not only used by those who are connected with defendant's enterprise, but by others who have occasion to visit some camps to the north or northeast of defendant's plant. In the latter part of November, 1916, defendant undertook to install running water in the house, and for that purpose dug trenches some six feet in length, three in width, and six in depth, at intervals of some ten feet, between the tank and the house. On the evening of November 24, while these trenches were open, plaintiff fell into one of them and claims to have received injuries for which he sought damages by this action. At the conclusion of the trial the court instructed the jury to return a verdict for defendant. The appeal is from the order denying plaintiff's motion for a new trial.

The court appears to have granted the motion for a directed verdict solely on the ground that contributory negligence was conclusively shown. But, since it is contended that the evidence is insufficient to go to the jury on defendant's negligence, the record must be examined as to that proposition also, for a directed verdict was proper in any event if the proof failed to show defendant guilty of the negligence alleged. However, in view of the conclusion that a new trial should be had, it is deemed best not to discuss this phase of the case to any extent, except to say that the jury could find that plaintiff was not a trespasser in making use of the road, and they might find negligence, if they concluded that the

trench was left unguarded so near the traveled trail that a misstep in the dark might cause a traveler to fall in. The case most in point, cited by defendant, is Fredenburg v. Baer, 89 Minn. 241, 94 N. W. 683, but it is to be noted that the opinion therein stresses the absence of evidence that defendant knew of the practice of those who used the upper floor in his building to pass near the place where the pit which caused the injury was dug; while in the instant case the testimony is that those in charge of defendant's plant knew that the road in question was used by plaintiff and others, and that no objection was made to such use. The learned trial court was right in not basing a directed verdict upon the insufficiency of the evidence to carry the issue of defendant's negligence to the jury.

In considering the issue of contributory negligence, it is to be noted that this road was well defined, so that, to a person well acquainted there-with, it might be possible even in the dark to discover, by the touch of the feet, whether he was on or off the path or space trod by the teams and wheels of the vehicles; that plaintiff was entirely familiar with the road and its surroundings, passing over it frequently; that he did not know of any excavating or other work in progress on defendant's premises, and that the ground was already frozen, and hence one would scarcely expect any digging to be carried on. The evening in question was dark, and on cross-examination plaintiff answered in the affirmative, when asked whether the night was so dark that he couldn't see anything, that he couldn't see his hand before his face, and depended absolutely upon his knowledge of the way and the feeling of his feet as he walked along. Even so, it should not be held that one, who during such an evening attempts to pass along a well beaten road with which he is familiar and near which he has no reason to believe any pitfalls exist, is, as a matter of law, negligent, unless he is equipped with a lantern. Nearly every one who has reached mature age has had experience in groping along at night both inside buildings and in the open without the aid of artificial light. The conditions under which one undertakes to move about in the dark serve in a great measure to determine whether he should be charged with negligence in so doing. We are of opinion that the issue of contributory negligence was for the jury.

Order reversed.