FRANK H. SCOFIELD *vs.* A. P. WALRATH.

July 7, 1886.

**New Trial—Newly-discovered Evidence.**—A denial of an application for a new trial, on the ground of newly-discovered evidence, affirmed, because the settled case does not purport to contain all the evidence at the trial.

**Trial—Evidence not shown to be material.**—Questions *held* properly excluded, because it did not appear in any way that the answers could be material; following *State* v. *Staley,* 14 Minn. 75, (105,) and *Austin* v. *Robertson,* 25 Minn. 431.

Action upon a promissory note, brought in the municipal court of Minneapolis by the payee aginst the maker. Defence that the note was given to the plaintiff solely for his accommodation and without any consideration. Defendant appeals from an order refusing a new trial. The settled case upon which the motion for a new trial was made does not purport to contain all the evidence.

*Hollins & Miner* and *C. H. Wilson,* for appellant.

*Charles G. Van Wert* and *A. N. Merrick,* for respondent.

GILFILLAN, C. J. As the settled case does not purport to contain all the evidence, it is impossible for us to say that the "newly-dis-discovered" evidence would, in connection with the other evidence, be likely to affect the result in a second trial, (*Lampsen* v. *Brander,* 28 Minn. 526; 11 N. W. Rep. 94,) or that it is not merely cumulative. We cannot say, therefore, that the trial court departed from a fair exercise of its judicial discretion upon application for new trials on the ground of such evidence.

As to the questions asked the witness Kinney, which are referred to in the first, second, and third assignments of error, they are liable to the objection that it does not appear from them that the answers would probably have been material; and, when objected to, no statement of what was expected to be proved by them, nor offer of evidence to make them material, was made. *State* v. *Staley,* 14 Minn, 75, (105;) *Austin* v. *Robertson,* 25 Minn. 431. Take the first of the questions to illustrate this: "State, if you know, what under-

standing there was between Mr. Walrath and Mr. Scofield at the time of making the note, or any time thereafter, in regard to the payment of the same." The note expressed an understanding, an agreement, as to that. Did the party expect to show a different one? And, if so, how, and when arrived at, and on what consideration? The court could not tell from the question, or any of the preceding evidence, that the answer could have any legitimate bearing on the case; and so with the other questions.

Order affirmed.