HIMSTREET, Appellant, vs. CHICAGO & NORTHWESTERN
RAILWAY COMPANY, Respondent.

*February 6—March 5, 1918.* .

*Carriers: Injury to person at station to meet passenger: Licensee:*
    *Safety of premises: Stairway in waiting room: Negligence:*
    *Contributory negligence: Questions for jury.*

1. One who was in the waiting room of a railway station in good
   faith, reasonably expecting the arrival of her son on a train,
   was not a mere licensee although no definite time or particular
   train was fixed for the son's arrival, and the railway company
   owed to her the duty of constructing and maintaining the prem-
   ises in a reasonably safe condition.
2. Where plaintiff while so in defendant's waiting room went to a
   window which gave a convenient view of the trains and, after
   looking to see if her son was on an incoming train, in stepping
   back fell down a lighted stairway the top of which was close
   by, the questions as to defendant's negligence and plaintiff's
   contributory negligence were both for the jury, in view of the
   location of the window and its surroundings.

APPEAL from a judgment of the circuit court for Kenosha
county: E. B. BELDEN, Circuit Judge. *Reversed.*

The appeal is from a judgment dismissing plaintiff's com-
plaint.

The plaintiff arrived on March 16, 1916, in the forenoon,
at defendant's depot in the city of Kenosha. Defendant
maintains a double-track system through the city of Keno-
sha, the north-bound trains running on the west of such
tracks. Passengers arriving, as did plaintiff, on a north-
bound train step upon a platform on the west side of the
tracks and from there down a flight of stairs and on to the
east side through a tunnel under the two tracks and into the
basement of the main depot. From this basement flights of
stairs lead to the first floor of the depot, one such flight lead-
ing to the apartment set aside as the men's waiting room
and the other to the women's waiting room. Plaintiff, a
stranger to the city, went up the flight of stairs leading to
the men's room and from there out of the building to the

hotels in the neighborhood and returned to the women's waiting room.

Plaintiff had come to Kenosha in response to a long-distance telephone message that she had received at her home in Iowa from her son, apparently at some other point in Iowa, requesting her to meet him at Kenosha, no definite time having been fixed for his arrival there, and he did not arrive until the following day. This women's waiting room was about twenty-three feet by twenty feet in size. On the west of the room, being the track side, was a door about three feet away from the north wall and leading out onto the platform. It was three feet four inches wide, with a transom above, and apparently, from a photograph taken the day after the accident, it swung, when opened, against the radiator which was against the same wall and three feet three inches south of this door. The radiator was three feet ten inches long, and directly above it was a window three feet ten inches wide and eight feet high. A little less than three feet south of this window was another window about the same size and directly over the stairway. Near the top of this west wall were four small windows fifteen by fifteen inches. The south end of the radiator extended to practically the outer edge of the top step of the stairs which led straight down to the subway, which was about eleven feet below the level of the waiting-room floor. This stairway was of white enamel with a light over the south end. A railing ran along the east edge of the stairway in the waiting room, and against that were placed benches. The plaintiff was seated near the east wall of the waiting room about opposite the center of the stairway, so that the same was within range of her vision.

Upon hearing the noise of an approaching train she arose and walked across the waiting room to the west wall for the purpose of seeing if her son was on the coming train. Several persons were occupying the open doorway and she went

and looked out of the window which was directly over this radiator, and stood south of the center of the window and therefore near the south end of the radiator. As the train passed by the depot she turned slightly in order to look further down the track, and, stepping back after having so looked, fell down the stairway, receiving severe injuries.

The special verdict of the jury found that the waiting room was not in a reasonably safe condition for public use at the time in question and that such condition was the proximate cause of plaintiff's injury; that there was no contributory negligence on plaintiff's part, and assessed her damages.

After motions by both parties upon such verdict the court changed the answers of the jury to the questions as to defendant's and plaintiff's negligence and directed judgment for the defendant upon the evidence notwithstanding said verdict, and from the judgment so entered the plaintiff appeals.

*Calvin Stewart* of Kenosha, for the appellant.

*R. N. Van Doren* and *Charles H. Gorman* of Milwaukee, for the respondent.

ESCHWEILER, J. The plaintiff was lawfully on the defendant's premises at the time of the injury while expecting the arrival of her son as a passenger on one of defendant's trains. While she occupied such a position to the defendant company it owed to her the duty of constructing and maintaining the premises in a reasonably safe condition, as was correctly said by the court in his charge to the jury. *Otto v. M. N. R. Co.* 148 Wis. 54, 134 N. W. 157; *Banderob v. W. C. R. Co.* 133 Wis. 249, 113 N. W. 738. There was no error, therefore, in refusing to instruct the jury, as requested by the defendant, that she was there as a mere licensee. That there was no definite time or particular train fixed for her son's arrival did not alter her position; she was in good faith reasonably expecting him at the time of the injury.

We are satisfied from a consideration of the evidence in this case and the surrounding situation and circumstances that the court was correct in its first view of this case when submitting to the jury both questions as to negligence, and that the evidence was sufficient to support the findings made by the jury.

It cannot be said as a matter of law that the situation then provided by the defendant was such that the plaintiff was making an improper use of the window, it being so located that it gave a convenient view of the incoming trains, or that some such use ought not to have been anticipated by the defendant. The combination made there of the window, the door swinging in and against the radiator, which was placed just at the top of the long stairway leading into the subway and squarely in front of the window, may well be held to be such a combination as would properly permit the jury, within the wide field it has for its province, to say that persons chargeable with such a combination ought reasonably to have anticipated that some injury might occur to a person while properly using the window. Neither can we say as a matter of law that even though the stairway was well lighted and in plain sight the presence of such stairway in proximity to the window could not, within the field of ordinary care, have been overlooked or momentarily forgotten by a stranger to the premises and one whose attention was drawn to what was going on outside of the window, as in plaintiff's case.

We think the questions here, both of defendant's negligence and plaintiff's contributory negligence, are disposed of adversely to defendant's contention and contrary to the view that was finally taken by the trial court by a case which had not been decided at the time of the trial of the case at bar. *Hommel v. Badger State I. Co.* 166 Wis. 235, 165 N. W. 20.

The defendant suggests that error was committed on the trial by the admission of certain evidence with reference to accidents occurring on these stairways prior to the one

plaintiff received, but we are satisfied from an examination of the entire record on that subject that there was nothing done in that respect requiring a change in the result arrived at here, or further comment.

*By the Court.*—The judgment of the circuit court is reversed, and the cause remanded with directions to enter judgment for the plaintiff upon the verdict of the jury.