## GEORGE A. GERMAIN v. GREAT NORTHERN LUMBER COMPANY AND ANOTHER.

### GREAT NORTHERN LUMBER COMPANY, APPELLANT.[1]

July 18, 1919.

No. 21,333.

**Appeal and error — reversal.**

    1. This court will never reverse a case for rejection of an answer to a question, unless it is made to appear that the answer would be material and favorable to the appellant.

[1]Reported in 173 N. W. 667.

**Promise to pay debt of another — parol evidence inadmissible.**
2. In an action on a promise of a vendee, embodied in a written bill of sale, to pay a debt owing by the vendor to plaintiff, the written promise cannot be varied by parol.

**No allegation of fraud or mistake of fact.**
3. There is no pleading that the promise made by the vendee in this case was procured by fraud or under mistake of fact, nor is the evidence sufficient to make out such a defense.

**Measure of damages.**
4. The measure of recovery is, not the consideration stated in the bill of sale, but the amount of the debt of plaintiff.

Action in the district court for Hennepin county to recover $1,092.90 upon a contract. The case was tried before Jelley, J., who when plaintiff rested and at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $1,123.88 against the lumber company. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Rose & Brill,* for appellant.

*Selover, Schultz & Selover,* for respondent.

HALLAM, J.

On June 14, 1916, plaintiff sold to C. R. Girton, doing business as the Industrial Lumber Company, a motor truck for the price of $1,500 to be paid in lumber. In the agreement of sale the Industrial Lumber Company was described as a corporation, but there was no such corporation. Girton never paid any part of the price. On September 16, 1916, Girton, Samuel Fleisher and J. E. Brill entered into an agreement for the formation of a corporation, to be known as the Industrial Lumber Company "the object and purpose being to wind up the business of C. R. Girton and transfer the same to the new corporation as soon as may be."

On January 29, 1917, the same parties entered into another agreement which recited that they had "heretofore had certain oral and written agreements, all with reference to a certain lumber company known as the Industrial Lumber Company and then changed to the Great Northern Lumber Company," and therein they canceled former agree-

ments and merged them into a new one. This agreement provided for the transfer of certain property by Girton to the new corporation and the assumption of certain of Girton's debts. This automobile truck was not mentioned.

On June 6, 1917, Girton gave defendants a bill of sale of this truck. Fleisher, the president and general manager, sent Girton to the office of the defendant's attorney to "make up" the bill of sale. The bill of sale was prepared by defendant's attorney. Defendant produced it on the trial and offered it in evidence. The bill of sale contained this language: "Purchase price was paid direct by the Great Northern Lumber Company in lumber to George Germain, the party who sold said truck to C. R. Girton and who was not paid by C. R. Girton except as herein specified." About $500 of the purchase price had been paid on May 4, 1917, by a shipment of lumber by defendant on the order of the plaintiff. There is also some evidence that defendant's president and general manager admitted that defendant promised Girton to pay plaintiff the purchase price of the truck and defendant's books of account contain a reference to the transaction, mentioning the truck, the name of plaintiff, and containing the notation "to be paid for in lumber."

This action is brought on the promise of defendant made to Girton to pay plaintiff the price of the truck. No question is raised as to the sufficiency of the evidence to establish such a promise.

1, 2. Defendant's counsel asked Fleisher this question: "Did you ever tell Mr. Girton that you would assume his obligation with Germain?" The court sustained objection to this question. The bill of sale was then in evidence and the court stated as a reason for his ruling that the contract between Girton and defendant was in writing and that "the contract speaks for itself." For two reasons this ruling was not reversible error. First, there is in the record no offer of proof, nothing to indicate what the answer of the witness would be. Perhaps it would not have been favorable to defendant. This court will never reverse a case for rejection of an answer to a question unless it is made to appear that the answer would be material and favorable to the appellant. Scofield v. Walrath, 35 Minn. 356, 28 N. W. 926; Knatvold v. Wilkinson, 83 Minn. 265, 86 N. W. 99. Second, the promise of defendant was embodied in the written bill of sale delivered to and accepted by defendant.

The peculiar language of the bill of sale was probably sufficient to constitute an agreement by defendant to assume Girton's obligation. In an action by plaintiff on this agreement defendant cannot contradict it by parol. Sayre v. Burdick, 47 Minn. 367, 50 N. W. 245; Lawton v. St. Paul Permanent Loan Co. 56 Minn. 353, 57 N. W. 1061; Current v. Muir, 99 Minn. 1, 108 N. W. 870.

3. Defendant contends that such an instrument could not bar the appellant from showing mistake or fraud, and if it appeared that on the date of the bill of sale, unknown to defendant, Girton had overdrawn his account, this fact would be a valid defense. We are not prepared to say that such facts would not constitute a valid defense. But no such defense was pleaded. Nor did the question which was ruled out tend to elicit any such evidence. Nor is there in the case evidence sufficient to make out such a defense.

4. Defendant complains that the court instructed the jury that the verdict, if for plaintiff, should be for the balance of the purchase price due plaintiff. This was right. If defendant made any promise at all it was the purchase price of the truck. The bill of sale from Girton to defendant recites a consideration of $1,000. This fact is immaterial. There is no evidence of any promise to pay this amount to plaintiff.

Order affirmed.