KATHRIAN L. KERN, Appellant, *v.* THE GREAT ATLANTIC AND PACIFIC TEA COMPANY, Respondent.

*Negligence — stores — question of fact — whether shopkeeper in placing door-sill immediately at top of steps exercised ordinary care question for jury.*

In an action to recover for personal injuries received by a customer while leaving a store through catching her foot on a door-sill of the ordinary form and falling down steps immediately outside the door, it was for the jury to say upon all the facts whether the defendant had exercised the care which a reasonably prudent person would exercise in placing and maintaining the sill in the manner in which it was placed and maintained.

*Kern* v. *Great A. & P. Tea Co.*, 209 App. Div. 133, modified.

(Submitted December 2, 1925; decided January 12, 1926.)

APPEAL from a judgment, entered July 12, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict.

*William Dike Reed* for appellant.

*Joseph F. Murray* and *Charles H. O'Connor* for respondent.

*Per Curiam.* Between three and four o'clock on the afternoon of the 17th of May, 1919, the plaintiff went to a store kept by the defendant, located on Westchester avenue in The Bronx, New York city, for the purpose of making certain purchases. After making the purchases she started to leave the store and in doing so, she slipped or stumbled over the door sill of the door opening to the street. She testified, " As I was going out, I tripped over the saddle or whatever you call it, and I fell down the incline of the steps. Q. Where was the saddle at the door? A. Right at the edge. Q. The edge of what? A. Of the door. * * * Q. The edge of what? A. The floor. Q. When you stumbled there you say you went right down the steps. How did you go down the steps? A. I fell forward. * * * Q. And when you got to the entrance of the store, the front of your right foot caught in the saddle of the door and you fell forward out into the street? A. Yes, sir, struck the saddle of the door. Q. And the front of your right foot struck the saddle of the door and you went forward? A. Yes."

Immediately outside of the door leading to the street were two steps leading to the sidewalk. Underneath this door was a sill or saddle, as it is termed in the record, five-eighths of an inch thick and in other respects of the usual or ordinary form.

The trial court submitted to the jury, as a question of fact for it to determine, whether by reason of the construction of the sill, the way it was placed with reference to the floor of the store and the step immediately beneath it, defendant was responsible for the plaintiff's

injuries. The jury found a verdict in favor of the plaintiff but, on appeal, the judgment was reversed and the complaint dismissed.

We are of the opinion that the trial court was right in holding that a question of fact was presented; that it was for the jury to say upon all the facts whether the defendant had exercised the care which a reasonably prudent person would exercise in placing and maintaining the sill in the manner in which it was placed and maintained.

The judgment appealed from should, therefore, be modified so as to grant a new trial and as so modified affirmed, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment modified, etc.