ETTA LACK *vs.* BRIDGET McMAHON.

Suffolk. January 21, 22, 1926. — January 22, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Landlord and Tenant,* Liability of landlord to guest of tenant. *Negligence,* Of one in control of real estate.

A woman guest of a tenant in an apartment house, who, in entering at the common entrance, observed a stairway leading to the upper floors and a door seeming to her to be the entrance to the apartment on the street floor, and, upon knocking at the door and through mistake thinking she heard a response, "Come in," opened the door, which swung inward, and observed "a dark, pitch black opening ahead," and then, thinking that this was the outer door of the apartment, stepped forward and fell, cannot maintain an action against one who was the owner and in control of the house by showing that the door was the entrance to a

basement in control of the defendant and that the defendant, upon the matter being called to his attention, said "that door should have been locked, I will speak to the janitor about it."

TORT for personal injuries suffered when the plaintiff fell down a stairway in an apartment house owned and controlled by the defendant. Writ dated October 20, 1922.

In the Superior Court, the action was tried before *Sisk*, J. Material evidence is described in the opinion. At the close of the plaintiff's evidence, the defendant rested the case on the issues of liability and offered evidence only on the questions of damage, and filed an appropriate motion for a directed verdict, following which the trial judge, under stipulation by counsel, submitted to the jury the question only of the plaintiff's damage; and, upon the jury finding that the plaintiff suffered damage in the amount of $666.66, the trial judge ordered a verdict for the defendant and reported the action to this court under the stipulation that, if the question of liability should have been submitted to the jury, a verdict for the plaintiff was to be entered in the sum of $666.66, and, if the judge's ruling ordering the verdict was correct, judgment was to be entered for the defendant on the verdict.

*H. S. Avery*, for the plaintiff.

*J. B. Donohue*, for the defendant, was not called on.

BY THE COURT. This is an action of tort to recover compensation for personal injuries. The plaintiff, on her way to visit a tenant of the defendant, entered a small hallway where were mail boxes and bells of the occupants of the building. She rang the bell of the friend on whom she intended to call, then proceeded up a flight of about four steps, and opened another door leading into another hallway which was dark but in which she was able to observe a stairway leading to the upper floors and a door seeming to her to be the entrance of the apartment on the street floor. Believing this was where her friend lived, she knocked on the door and mistakenly thought that someone said "come in." She then opened the door, which swung inward, and observed "a dark, pitch black opening ahead." Thinking that this was the outer hall of the apartment, she stepped forward and fell. The door was the entrance to the basement and

was in the control of the defendant. The door was used by the tenants only to call the janitor and was sometimes locked and sometimes unlocked. There was testimony that the defendant said "that door should have been locked, I will speak to the janitor about it."

The defendant owed no greater duty to the plaintiff than to the tenant on whom she intended to call. Verdict was ordered for the defendant rightly. The case is within the authority of numerous decisions. *Scanlon* v. *United Cigar Stores,* 228 Mass. 481. *Morong* v. *Spofford,* 218 Mass. 50. *Gaffney* v. *Brown,* 150 Mass. 479. *Benton* v. *Watson,* 231 Mass. 582.

*Judgment for defendant on the verdict.*