IDA WECHSLER, Appellant, v. UNITED PRODUCE DEALERS ASSOCIA-
TION, INC., Respondent.

Supreme Court, Appellate Term, First Department, February 5, 1926.

Landlord and tenant — under Tenement House Law, § 102, owner of
tenement house required to keep every part thereof in good repair,
including means of egress to yard — plaintiff stepped through door
leading to yard and fell to pavement in absence of stoop — error to
dismiss complaint where proof showed stoop laid in mass of debris on
ground — condition of stoop warrants inference of notice to owner —
negligence and contributory negligence questions for jury.

An owner of a tenement house is bound to keep every part thereof in good repair,
includ ng the means of egress into a yard in the rear of the structure. (Tenement
House Law, § 102.)

Accordingly, it was error to dismiss plaintiff's complaint in an action for personal
injuries suffered when plaintiff opened a door leading to the yard in the rear
o˙ a tenement house and, on stepping out, fell to the pavement because there
was nothing to step upon, particula ly where the evidence showed that the
stoop leading from the door into the yard was broken and decayed and had
sunken to the level of the yard where it lay in a mass of debris.

The physical condition of the stoop warrants the inference that the condition
had existed long enough to give notice to the owner. Plaintiff established a
*prima facie* case requiring submission to the jury upon the questions of negligence
and contributory negligence.

APPEAL by plaintiff from a judgment of the City Court of the
City of New York, dismissing the plaintiff's complaint.

*Nathan Kelmenson,* for the appellant.

*E. C. Sherwood,* for the respondent.

WAGNER, J. The court below dismissed the complaint at the
end of plaintiff's case upon the ground that no cause of action
had been established. We must assume, therefore, the evidence as
adduced to be true and if divergent inferences may be drawn
therefrom accept the inference most favorable to plaintiff. The
action was instituted to recover damages for personal injuries
claimed to have been sustained by plaintiff because of the negligent
maintenance by defendant of a defective stairs leading from a
living room occupied by plaintiff into the rear yard. The evidence
established that the rear room had a door leading into the back
yard; that up to the day of the accident the plaintiff had never
used the door in question. On that day she testified: " I lifted up
a hook and took away the paper from the sides and I turned the
knob to open the door. I wanted to step out. There was nothing
to step upon and I fell over into the pavement into the yard."

The evidence disclosed that the stoop leading from the door into the yard was broken and decayed and had sunk about four feet almost to the level of the yard and was lying in a heap.

It was error to dismiss the complaint. The building in question was a tenement house. It is the duty of the owner to keep every part of a tenement house in good repair. (Tenement House Law, § 102.) That statutory mandate includes the stairs, the defective condition of which caused the accident in question, for it has relation to the maintenance of the building as a tenantable habitation. (*Altz* v. *Leiberson,* 233 N. Y. 16.) The tenant was provided with an egress to the yard. The landlord is required to keep the passageway safe. Of course, before the plaintiff can recover she must also establish that the owner had actual or constructive notice of the dangerous condition existing. The physical condition of the stoop as testified to would permit the inference to be drawn by the jury that the defective condition must have existed for a time long enough to give notice of its dangerous condition to the owner. The testimony adduced established a *prima facie* case requiring the submission to the jury of the question of the defendant's negligence and the plaintiff's freedom from contributory negligence. (See *Kern* v. *Great Atlantic & Pacific Tea Co.,* 241 N. Y. 600.)

Judgment reversed and a new trial ordered, with costs to appellant to abide the event.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.