KATE G. POPE *vs.* WILLOW GARAGES INC.

Middlesex.    November 7, 1930. — February 11, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Negligence,* Invited person, Of one owning or controlling real estate, Contributory.

A public garage on a public street in a city had three entrances from the street, one by a double door with its sill level with the sidewalk, one by a single door, two steps up from the sidewalk, having a glass panel and opening into an office in which accessories were displayed and sold, and one by a single door, also two steps up from the sidewalk and to outward appearance exactly similar to the office door, but opening into a stairway which led directly into a cellar with no platform at the level of the door sill. Between the single doors was a large show window. There were no signs on the wall, doors or window. Ordinarily, the door to the cellar was kept locked. A woman, who never had been at the garage, on a cold day when there was a strong wind which had filled her eyes with moisture so that she had difficulty in seeing, approached the garage with the purpose of there meeting one who was a customer of the garage and, with the permission of its proprietor, had directed her to meet him at the office, went up the cellar doorway steps, opened the door which on this occasion was not locked, without looking through the glass panel to see what was beyond the door, was thrown into the cellar as a strong wind pushed the door inward with her before it, and was injured. In an action by her against the proprietor of the garage, it was *held,* that

(1) On the evidence, the defendant's customer stood as one invited by the defendant to come to the office, and the plaintiff could be found to be an invitee through him;

. (2) The show window could be found to have been an invitation to enter the office by either of the exactly similar doors to the right or to the left of it; and, unless something were done to prevent the opening of the cellar door, or to warn against it, the defendant might be found to be negligent, if an invitee were injured in consequence of an attempt to enter there;

(3) A finding that the defendant was negligent was warranted;

(4) The evidence did not require as a matter of law a ruling that the plaintiff was negligent.

TORT for personal injuries. Writ dated March 13, 1928.

In the Superior Court, the action was tried before *Hanify*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendant, the parties agreeing that, if such order was adjudged wrong, judgment should be entered for the plaintiff in the sum of $2,500.

*C. E. Tupper,* (*L. W. Sims* with him,) for the plaintiff.

*J. H. Gilbride,* for the defendant.

WAIT, J. The defendant maintains a public garage on Willow Street in Somerville. Its premises consist of a large room for entry and storage of cars, and, to the south, an office in which automobile accessories are displayed and sold. Beyond the office is a stairway leading to the cellar. Three doors furnish entrance from Willow Street. A large double door, its sill level with the sidewalk, opens into the garage; a single door, its sill higher than the sidewalk and reached by two steps, opens into the office; a third door, exactly similar, opens into the cellar stairway. There is a large show window in the wall between the office and the cellar doors, and there is glass in the upper panels of the office and cellar doors. There were no signs on wall, or doors or windows. The cellar stairs lead directly down from the sill of the door with no platform at the level of the sill. The plaintiff, who wished to await the coming of one who was to meet her at the garage, and who had never been there before, approached the premises from the south, went up the cellar doorway steps, opened the door, was thrown into the cellar as a strong wind pushed the door inward, and was injured. The wind had filled her eyes with moisture so that she had difficulty in seeing. "She

was in a hurry to get in out of the cold." She did not look through the glass panel to see what was beyond the door. She assumed that this door, like the similar one beyond it, led into the office. Ordinarily this door was kept locked by the defendant; but, for some reason, it was unlocked on the morning of the accident.

The plaintiff sued, alleging the failure " to lock, mark, protect or guard said cellar door and render the premises safe for the use of persons lawfully on the premises, including the plaintiff " as negligence for which the defendant was responsible to her. The trial judge directed a verdict for the defendant; and, after verdict, reported the case with a stipulation that if the direction was wrong, judgment for the plaintiff in an agreed sum was to be entered; if not, judgment was to enter for the defendant on the verdict.

The plaintiff cannot recover if no duty was owed her by the defendant; if, owing a duty, it was not negligent; or if by lack of proper care on her own part she contributed to the injury.

No contention is made that the condition of the defendant's premises constituted a nuisance. The obligation to maintain safe conditions upon them extended to those it invited to come there, *Grogan* v. *O'Keeffe's Inc.* 267 Mass. 189, 192, *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, and to persons who came in the right of a tenant or invitee, *Goldsmith* v. *Ricles,* 272 Mass. 391. There was no evidence of any direct invitation from the defendant to the plaintiff to come upon the premises. She did not keep a car at the garage, nor had she any business with the defendant. There was evidence, however, that one Stainbrook kept a car at the garage, and that when he made the contract for its keeping he had been told by the manager that, although there was no regular waiting room at the premises, he could have anyone he wished to have call and wait for him do so in the garage or in the office. It was Stainbrook who had directed the plaintiff to go to the garage office and wait

there for him.   He had given no more explicit directions
to her.   He, up to that time, had not entered either the
office or the cellar door, and did not know that the south-
erly of the similar doors led only to the cellar.   If this
were believed, Stainbrook stood as an invitee to the office,
and the plaintiff could be found to be an invitee through
him.   See *Alessi* v. *Fitzgerald,* 217 Mass. 576, 577, 578,
and cases there cited.

It is true that no express invitation was extended to
Stainbrook to use the cellar door; but the show window
could be found, in the opinion of a majority of the court,
an invitation to enter the office by either of the exactly
similar doors to the right or to the left of it; and, unless
something were done to prevent the opening of the south-
erly door, or to warn against it, the defendant might be
found to be negligent, if an invitee were injured in con-
sequence of an attempt to enter there.   Neither *Gordon* v.
*Cummings,* 152 Mass. 513, nor *Humphreys* v. *Portsmouth
Trust & Guarantee Co.* 184 Mass. 422, is controlling
authority here; for an elevator hole near a doorway pre-
sents a different situation from that here disclosed.   Both,
however, support the view that liability exists.   See also
*Elliott* v. *Pray,* 10 Allen, 378; *Carleton* v. *Franconia Iron
& Steel Co.* 99 Mass. 216.

· *Murphy* v. *Huntley,* 251 Mass. 555, and *Cowen* v. *Kirby,*
180 Mass. 504, cited by the defendant, are substantially
different in their facts from the case before us.   We have
not dealt with the many cases cited in the briefs of acci-
dents to invitees already within the premises of defend-
ants as they present conditions which need not be discussed
here, although in general they sustain the landlord's
or occupant's liability to invitees.   Compare *Jacobsen* v.
*Simons,* 217 Mass. 194, *Morong* v. *Spofford,* 218 Mass. 50,
*Graham* v. *Pocasset Manuf. Co.* 220 Mass. 195, *Scanlon* v.
*United Cigar Stores Co.* 228 Mass. 481, *Lack* v. *McMahon,*
254 Mass. 484.

Serious question arises whether the plaintiff did not
contribute to the accident by her own lack of care.   A

careful look through the window of the door would have shown that here was no entrance to the office, but instead a steep stairway; though it might not disclose that the stairs began with the door sill. Her eyes were streaming from the wind. She went on into an unknown space; yet, had it not been for the strong wind which drove the unlatched door in her grasp forward with her body, she might have stayed her progress on the sill. While the question is close, in view of the weather, the wind, the appearance of the building, in the opinion of a majority of the court it was rather matter of fact for the jury, who had seen the premises, than of law for the judge to determine.

It follows that, pursuant to the stipulation of the parties and the report, the entry must be for judgment for the plaintiff in the agreed sum.

*So ordered.*