# CATHERINE M. TIERNEY v. GRAVES MOTOR COMPANY.[1]

December 31, 1931.

No. 28,663.

[1]Reported in 239 N. W. 905.

*Cobb, Hoke, Benson, Krause & Faegre,* for appellant.

*Clement J. Tierney* and *Douglas, Kennedy & Kennedy,* for respondent.

DIBELL, J.

Action to recover damages for injuries sustained by the plaintiff when she tripped and fell in entering, through a small door, the garage of the defendant in Minneapolis. The court directed a verdict for the defendant. Afterwards it granted the plaintiff's motion for a new trial upon the ground of errors of law. The defendant appeals.

There are four questions:

(1) Whether the plaintiff in entering the defendant's garage was an invitee.

(2) Whether the defendant was negligent in respect of the door through which the plaintiff entered.

(3) Whether the plaintiff was contributorily negligent in entering.

(4) Whether the court was in error in rejecting testimony relative to other accidents at this door.

About two o'clock in the morning of May 25, 1929, the car in which the plaintiff was driving in Minneapolis stopped. It was about two blocks distant from the defendant's garage. It was perhaps a mile from her home. She supposed it stopped because it was without gas. She did not examine to see. She went to the defendant's garage, which was open all night. It did not keep gas for sale nor did it do towing. If towing was asked it telephoned another company or directed the one wanting service to a towing company. The mechanics left at six p. m.

The office of the garage opened on the sidewalk. Adjoining the office were large double doors leading in and out of the garage for the use of autos. They opened toward the sidewalk and were set in a recess so that when they were opened they would not obtrude

upon the sidewalk. Within one of these double doors was constructed a small door opening from the inside of the garage with no knob or latch or handle on the outside. It extended neither to the bottom nor the top nor to either side of the big door. Toward the top and toward the bottom were glass panels. There was a wooden cross panel between them, and on it in large white letters was the word "PUSH." The door extended to within 13 inches of the floor, and below was the cross-piece or base of the large door extending to the floor and sidewalk level.

The plaintiff went to the office. It was locked. She went to the double doors, knocked and got no response. There were signs of life inside. The garage was open for business. She noticed the small door with the word "PUSH." She pushed upon it to gain entrance and, as it opened, fell or stumbled over the base of the large door and was injured. The garage was freely advertised by signs and placards which were intended to give notice of its presence and to indicate a welcome within. Among them were the words "WASHING" and "CAR WASHING"; and underneath were the words "OPEN DAY AND NIGHT." It does not appear that the plaintiff saw these signs. She did see the word "PUSH." That she did not see them all is not important. They evidence the defendant's attitude towards receiving the public. The plaintiff had been in the garage before when she accompanied her husband on a mission personal to him.

The claim of the plaintiff is that she was an invitee. What constitutes an invitee is stated over and over again in the cases and in the texts. In 3 Shearman & Redfield, Negligence (6 ed.) § 706, this definition, often quoted, is given:

"Invitation by the owner or occupant is implied by law where the person going on the premises does so in the interest or for the benefit, real or supposed, of such owner or occupant, or in the matter of mutual interest, or in the usual course of business, or where the person injured is present in the performance of duty, official or otherwise."

Reference is frequently had to Plummer v. Dill, 156 Mass. 426, 427, 31 N. E. 128, 129, 32 A. S. R. 463, where this definition is given:

"It is well settled there that to come under an implied invitation, as distinguished from a mere license, the visitor must come for a purpose connected with the business in which the occupant is engaged, or which he permits to be carried on there. There must at least be some mutuality of interest in the subject of which the visitor's business relates, although the particular thing which is the object of the visit may not be for the benefit of the occupant."

The plaintiff thought the car was without gas. There is no actual proof that it was or was not. She did not know much about autos but could drive. There was a filling station two blocks from the garage, but it had closed.

The defendant claims that the plaintiff was not an invitee, and bases its claim largely upon the fact that it did not sell gas nor furnish towing service. Our view, in accord with the trial court, is that the final question was for the jury.

The defendant was open for business. If the plaintiff had gotten safely inside, the jury could infer that the garage would have taken care of her trouble; and from a general knowledge of garages and the character of the business of the defendant and its advertising could conclude there was an implied invitation to those in the situation of the plaintiff to enter. The following cases are of value but do not so resemble the case before us in their facts as to call for detailed review. Farnsworth v. Farwell, Ozmun, Kirk & Co. 102 Minn. 371, 113 N. W. 897; Conway v. Chas. H. Wood & Co. 113 Minn. 476, 129 N. W. 1045; Falk v. C. & N. W. R. Co. 133 Minn. 41, 157 N. W. 904; Ober v. Golden Rule, 146 Minn. 347, 178 N. W. 586; Hommel v. Badger State Inv. Co. 166 Wis. 235, 165 N. W. 20; 4 Dunnell, Minn. Dig. (2 ed. & Supp.) §§ 6984–6987, and cases cited.

It would not be claimed that one desiring to purchase an article commonly for sale in a drug store or department store, injured through the negligence of the keeper, would have no remedy because the store did not have the particular article in stock at the time or had never dealt in it. And here the case is not much different.

118

The plaintiff did the natural and reasonable thing. She did not want to leave the auto in the street. She wanted to get home. There was a filling station two blocks from the garage, but it had closed. The defendant kept its garage open and advertised in such a way that the patronizing public would come to it. The statement of the court in Gibeson v. Skidmore, 99 N. J. L. 131, 134, 122 A. 747, 748, is of force:

"Liability turns rather upon the question whether the defendant knew or ought to have known that what he did and permitted to be done might give rise in an ordinarily discerning mind to a natural belief that he intended that to be done which his conduct had led plaintiff to believe that he intended."

This general doctrine has been consistently followed in New Jersey; and in Creamer v. Levy (N. J. Sup.) 155 A. 446, 447, the court said:

"In such a case as this, the gist of the liability consists in the fact that the person injured did not act merely on motives of his own, to which no act or sign of the owner or occupier contributed, but that he entered the premises because he was led by the acts or conduct of the owner or occupier to believe that the premises were intended to be used in the manner in which he used them, and that such use was not only acquiesced in, but was in accordance with the intention or design for which the way or place was adapted and prepared or allowed to be used."

The view of the defendant that, because it did not sell gas nor do towing, the plaintiff, who came to it under the circumstances recited for service, was not an invitee and is without remedy, is too narrow.

■ The question whether the defendant was negligent was for the jury. That one might stumble or fall in seeking entrance through such a door, more readily in the dark, is obvious; and it was a question for the jury whether the defendant was negligent in having the door as it was. Conway v. Chas. H. Wood & Co. 113 Minn. 476, 129 N. W. 1045 (plaintiff, express delivery man, fell into

elevator shaft); Long v. John Brenner Co. 36 Cal. App. 630, 172 P. 1132 (plaintiff going out of store slipped on incline from door to sidewalk); Downing v. Merchants Nat. Bank, 192 Iowa, 1250, 184 N. W. 722, 20 A. L. R. 1138 (door opening over stairway); Pope v. Willow Garages, Inc. 274 Mass. 440, 174 N. E. 727 (plaintiff opening garage door fell down cellar stairs immediately connecting); Hanley v. James Butler, Inc. 167 App. Div. 329, 153 N. Y. S. 39 (door opening onto different level); Kern v. Great A. & P. Tea Co. 241 N. Y. 600, 150 N. E. 572 (plaintiff stumbled over sill of door opening outward over steps); Bloomer v. Snellenburg, 221 Pa. 25, 69 A. 1124, 21 L.R.A.(N.S.) 464 (plaintiff stumbled on inequality in passageway in store caused by incline from floor at higher level); Hommel v. Badger State Inv. Co. 166 Wis. 235, 165 N. W. 20 (plaintiff tripped on step in front of swinging doors).

■ Whether the plaintiff was guilty of contributory negligence was for the jury. So thorough an inspection could have been made as to show that in making the entrance it would be necessary to step over the 13-inch base of the large door. The law does not pronounce it contributory negligence not to do more than the plaintiff did. Whether she should have done more was for the jury. Conway v. Charles H. Wood & Co. 113 Minn. 476, 129 N. W. 1045; McDonald v. Cuyuna R. P. Co. 144 Minn. 271, 175 N. W. 109; Ober v. Golden Rule, 146 Minn. 347, 178 N. W. 586; Hanley v. James Butler, Inc. 167 App. Div. 329, 153 N. Y. S. 39; Kern v. Great A. & P. Tea Co. 241 N. Y. 600, 150 N. E. 572; Bloomer v. Snellenburg, 221 Pa. 25, 69 A. 1124, 21 L.R.A.(N.S.) 464; Hommel v. Badger State Inv. Co. 166 Wis. 235, 165 N. W. 20; Downing v. Merchants Nat. Bank, 192 Iowa, 1250, 184 N. W. 722, 20 A. L. R. 1138; Pope v. Willow Garages, Inc. 274 Mass. 440, 174 N. E. 727.

■ The plaintiff claims that the court was in error in not permitting it to show prior accidents at the same door and seeks to sustain the order on the trial court's refusal. Counsel rely on the holdings in Phelps v. City of Mankato, 23 Minn. 276, 279; Kelly v. Southern Minn. Ry. Co. 28 Minn. 98, 100, 9 N. W. 588; Phelps v. Winona & St. P. R. Co. 37 Minn. 485, 35 N. W. 273, 5 A. S. R. 867;

Asplind v. Fred W. Pearce Corp. 175 Minn. 445, 221 N. W. 679; Long v. John Breuner Co. 36 Cal. App. 630, 172 P. 1132; Hommel v. Badger State Inv. Co. 166 Wis. 235, 165 N. W. 20; 1 Wigmore, Ev. (2 ed.) § 458, where the author makes this statement:

"If a white powder's tendency to produce illness may be evidenced by the symptoms following its administration, then in the same way the tendency of a projecting spike in a gate to catch and tear the garment of a passer-by may be evidenced by instances of such tearings, or the tendency of a part of a highway to make the feet trip upon it may be shown by instances of trippings." The doctrine is discussed by the author and the cases are collected by states.

Counsel for plaintiff failed to make a record upon which we can determine the application of the doctrine to the case made. There was no offer to prove. There was a question suggesting that plaintiff had proof. It met an objection by defendant and was discouraged by the court. It was not pressed. The court was not advised what evidence the plaintiff had at hand. There was no offer to prove. No error appears, and the plaintiff's claim is not reviewable. Austin v. Robertson, 25 Minn. 431; Scofield v. Walrath, 35 Minn. 356, 28 N. W. 926; Knatvold v. Wilkinson, 83 Minn. 265, 86 N. W. 99; Germain v. G. N. Lbr. Co. 143 Minn. 311, 173 N. W. 667; 6 Dunnell, Minn. Dig. (2 ed. & Supp.) § 9717, and cases cited.

The order is sustained upon the ground that the question whether the plaintiff was an invitee and the questions of negligence and contributory negligence were for the jury.

Order affirmed.