EMPIRE STATE LIFE ASSURANCE SOCIETY, Appellant, v. CATHERINE KASPRZAK, as Administratrix, etc., of JOHN KASPRZAK, Respondent.— Judgment and order affirmed, with costs. All concur, except Crosby, J., who dissents and votes for reversal and a new trial on the ground that there was prejudicial error in admitting the two contradictory statements on collateral matters made by the witness Kasprzak. (The judgment is for defendant in an action to rescind two life insurance policies. The order denies a motion for a new trial on the minutes.)

FLORENCE CARR HARRIS, as Administratrix, with the Will Annexed, etc., of WINIFRED I. F. CARR, Deceased, Respondent, v. THE WESTMINSTER PRESBYTERIAN SOCIETY, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs, on the ground that the evidence discloses no actionable negligence. All concur, except Thompson, J., who dissents and votes for affirmance on the authority of Kern v. Great A. & P. Co. (241 N. Y. 600). (The judgment awarded damages for personal injuries on a stairway.)

MARY TOAL, as Administratrix, etc., of PATRICK A. TOAL, Appellant, v. INTERNATIONAL RAILWAY COMPANY, Respondent.— Judgment and order affirmed, with costs. All concur, except Taylor, J., who dissents and votes for reversal on the law and for granting a new trial on the ground that defendant's negligence and contributory negligence in the decedent were fair questions of fact; and especially on the ground that the jury would have been entitled to find that defendant was guilty of causative negligence in having violated section 178-a of the Railroad Law. (The judgment dismisses the complaint in an automobile negligence action. The order denies a motion for a new trial on the minutes.)

In the Matter of the Claim of ILLEEN E. REEVES, Appellant, against THE ESTATE OF MINNIE E. STEVENS, Deceased, Respondent.— Decree affirmed, with costs. All concur, except Crosby, J., who dissents and votes for reversal on the facts and the allowance of the claim on the ground that the circumstances urged against the validity of this note are not sufficient to outweigh the fact that the claimant appears with a note which without dispute was executed by the decedent. (The decree disallows a claim upon a note.)

In the Matter of the Claim of GROVER C. HARTER against THE ESTATE OF TAYLOR GREENE, Deceased. In the Matter of the Claim of LYDIA MAE BALL against THE ESTATE OF TAYLOR GREENE, Deceased.— Decree modified on the facts by reducing the award to Lydia Mae Pelton Ball to $300 and interest, to wit, $14.40, and by reducing the award to Grover C. Harter to $85.50 and interest, to wit, $6.84, and as modified affirmed, without costs. All concur. (The decree allows two claims for services rendered to decedent.)

THERESA KLAPP, Appellant, v. THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK, Respondent.*— Judgment and order reversed on the law and new trial granted, with costs to the appellant to abide the event on the authority of Klapp v. Ætna Life Insurance Company (242 App. Div. 809; leave to appeal denied by Court of Appeals, Dec. 4, 1934). All concur. (The judgment was for defendant in an action to recover on an accident insurance policy. The order denied a motion for a new trial on the minutes.)

---

* Affd., 267 N. Y. ——.